# Staunton.

## JOHN W. GUNTNER, W. A. HEAD, B. H. CRIZER AND VIRGINIA-KENTUCKY TURNPIKE ASSOCIATION v. JOHN V. HUGHES.

### September 17, 1925.

1. APPEAL AND ERROR—*Conflicting Evidence—Verdict Conclusive—Case at Bar.*—In the instant case, an action for breach of contract of employment to superintend and build a road, the plaintiff's evidence clearly supported his contention, and in many points was corroborated not only by the evidence of the defendants but by the attending circumstances and actions of the parties. It was also true that had the jury discredited the evidence of the plaintiff and accorded full effect to the evidence of the defendants they would have found a different verdict. It was estimated, in a general way, that the work would take about twelve months, and the plaintiff sued for ten months' salary and his expenses. The jury allowed him five months' salary and his expenses. So that upon the merits the case presented a question of fact about which there was a sharp conflict in the evidence, and without more the verdict of the jury is conclusive on appeal.

2. APPEAL AND ERROR—*Assignment of Error—Assignment must be Specific—Case at Bar.*—In the instant case the admission of evidence offered by the plaintiff and objected to by the defendants was covered by bills of exception 1 to 10 inclusive and 13 and 14. Plaintiffs in error contended that all this evidence was immaterial, irrelevant and was prejudicial to them. This was an invitation to the Supreme Court of Appeals to search through ninty-one pages of the printed record for such prejudicial evidence. That such an assignment as this is too vague and general upon which to base a reversal, or to call for any further attention in the Court of Appeals, is perfectly well settled.

3. CONTRACTS—*Breach of Contract of Employment to Superintend and Build a Road—Evidence—Case at Bar.*—In an action for breach of a contract of employment to superintend and build a road, it was not error to permit the plaintiff to testify relating to a contract for work which he could have secured but for the fact that he considered

himself bound by his contract with defendants, and further, as to the profit he might have made out of such contract. The court admitted the testimony, not for the purpose of showing damages on account of loss of that job, because the plaintiff was not suing on any such cause of action, but only for the purpose of showing the good faith of the plaintiff. The jury fully understood this.

4. CONTRACTS—*Breach of Contract of Employment—Evidence—Case at Bar.*—In an action for a breach of a contract of employment to superintend and build a road, defendants objected to plaintiff's testimony, as to two letters written to the defendants after they had broken the contract in which he said he asked them how they wanted to settle the matter and said that he wanted nothing except what was right and honest, and that to these letters he never received any reply.

   *Held:* That the admission of this testimony did not constitute reversible error, because it constituted merely the plaintiff's account of his construction of the contract, together with his own and defendants' conduct with reference thereto.

5. CONTRACTS—*Breach of Contract of Employment—Evidence—Case at Bar.*—In the instant case, an action for breach of a contract of employment, to superintend and build a road, defendants were permitted to show to the jury that their motives in building the proposed road were altruistic, and that they always intended, if they built the road, to seek to have it taken over by the public authorities. The court refused to permit defendants to introduce a deed, wherein it was stated that the road was to be constructed and operated by defendants only until such time as it should be made a public road.

   *Held:* That the admission of the deed would have added nothing to defendants' claim of altruism, which was not denied.

6. CONTRACTS—*Breach of Contract of Employment—Instructions—Damages —Possible Earnings of Plaintiff.*—In an action for breach of a contract of employment to superintend and build a road, it was objected to an instruction of the trial court as to the measure of plaintiff's damages, that the instruction would not allow any deduction for what he did earn or for what he might have earned by the use of reasonable diligence in other employment.

   *Held:* That this objection was without merit because there was no evidence that plaintiff had earned anything during the time for which he was suing defendants for his salary or any evidence indicating that there was any lack of reasonable diligence on his part to seek other employment.    Moreover there was nothing in the contract set up which prohibited plaintiff from taking other contracts for his own profit unless in so doing he had neglected the work which he claimed the defendants had employed him to do. He was not under contract to give the defendants his entire time.

7. INSTRUCTIONS—*Repetition—Refusal to Give Instructions where Points are Covered by Other Instructions.*—Where the trial court had already given instructions for the defendants, which clearly, sufficiently and fully directed the attention of the jury to every phase of the evidence relied upon by the defendants, refusal of other instructions offered by the defendants was not error.

8. INSTRUCTIONS—*Directing Verdict on Partial View of Evidence.*—Instructions which direct a verdict upon a partial view of the evidence or invade the province of the jury, are properly refused.

Error to a judgment of the Circuit Court of Wise county in an action of assumpsit. Judgment for plaintiff. Defendants assign error.

*Affirmed.*

The opinion states the case.

*O. M. Vicars* and *Morton & Parker*, for the plaintiff in error.

*John W. Chalkley*, for the defendants in error.

PRENTIS, P., delivered the opinion of the court.

The petitioners, hereafter called the defendants, complain of a final judgment against them in favor of John V. Hughes, as damages for breach of a contract of employment to superintend and build about five and one-quarter miles of road.

1. The first assignment of error is that the verdict is contrary to and unsupported by the evidence.

The outstanding facts of the case, according to the evidence of the plaintiff, Hughes, are that Guntner, Head and Crizer, acting for the Virginia-Kentucky Turnpike Association, agreed with Hughes to employ him to superintend the construction and building of this roadway at a salary of $350 per month, and in addition to that salary, if when the road was completed

it was found by the cost data that the cost of excavating the yardage was thirty-seven and one-half cents or less per cubic yard, then one-third of whatever amount so found under thirty-seven and one-half cents was to be paid as a bonus to J. V. Hughes. This general statement of the contract by Hughes is admitted by the defendants, with this important exception: They claim in substance and testify that the contract was only to be effective "if and when the Turnpike Association definitely determines to build the road on force account." The contest arises over this difference.

The plaintiff's evidence clearly supports his contention, and in many points is corroborated not only by the evidence of the defendant but by the attending circumstances and actions of the parties. It is also true that had the jury discredited the evidence of the plaintiff and accorded full effect to the evidence of the defendants, they would have found a different verdict. It was estimated, in a general way, that the work would take about twelve months, and the plaintiff sued for ten months' salary and his expenses. The jury allowed him five months' salary and his expenses, $1,864, so that upon the merits of the case it presents a question of fact about which there is a sharp conflict in the evidence, and without more the verdict is conclusive here.

[2] 2. The second assignment of error is couched in this language:

"The court erred in admitting testimony offered by the plaintiff and in the exclusion of testimony offered by the defendants.

"The evidence offered by plaintiff and admitted over the objection of defendants is covered by bills of exception 1 to 10 inclusive and 13 and 14. All of this evidence, we submit, was immaterial, irrelevant and

was prejudicial to defendants in that it had a tendency to prejudice the minds of the jury against the defendants.

This is an invitation to this court to search through ninety-one pages of the printed record for such prejudicial evidence. That such an assignment as this is too vague and general upon which to base a reversal, or to call for any further attention in this court is perfectly well settled. *Lorillard Co.* v. *Clay,* 127 Va. 746, 104 S. E. 388; *Puckett* v. *Commonwealth,* 134 Va. 578, 113 S. E. 853; *Whitten* v. *McClelland,* 137 Va. 733, 120 S. E. 146.

[3] Following this general assignment of error, and thereunder, some attempt is made to specify certain especially objectionable testimony.

(a) It is said that "the evidence outlined in bill of Exception No. 4 is especially objectionable as it permits the plaintiff to testify as to what he could or might have made out of a supposed employment. The evidence set forth in bill of exception No. 6 is objectionable as it relates to matters and things happening long after the alleged breach of said alleged contract, and touches an alleged letter which could only be taken as self-serving."

This bill of exception No. 4 contains an excerpt from the testimony of the plaintiff relating to a contract for work in Jefferson county, North Carolina, which the plaintiff stated that he could have secured but for the fact that he considered himself bound by his contract with the defendants, and furthermore that under favorable weather, the labor conditions being good, he could have made a profit on that North Carolina contract of from $5,500 to $6,000. The court admitted the testimony, not for the purpose of showing damages on account of loss of that job because the plaintiff was not suing on any such cause of action,

but only for the purpose of showing the good faith of the plaintiff. It is distinctly shown that this was its only purpose, and the jury fully understood that if the plaintiff was entitled to recover in this action, it was only for the loss of the salary and expenses for which he had sued.

[4] (b) There is another specification that the evidence set forth in bill of exception No. 6 is objectionable, "as it relates to matters and things which could only be taken as self-serving." This bill also contains a short excerpt from the plaintiff's testimony as to two letters which he wrote to defendants after they had broken the contract, in which he said he asked them how they wanted to settle the matter, that he wanted nothing except what was right and honest, and to these letters he never received any reply. To determine the admissibility of this evidence, it would be necessary to advert to the whole of the testimony of the witness, covering many pages of the record. Its admission was not erroneous because it constituted merely the plaintiff's account of his construction of that contract together with his own and the defendants' conduct with reference thereto. The defendants, on their part, were also permitted to detail their understanding, as well as to explain and justify their conduct, based upon their conception of the contract. Its admission certainly does not constitute reversible error.

[5] (c) There is a further specification under the same assignment that the court erred in refusing to permit the defendants to introduce the deed to the right of way made to the Virginia-Kentucky Turnpike Association by the board of supervisors, referred to in bill of exception No. 11.. The clause of this deed to which the defendants wished to direct attention

reads thus: "It is the sole purpose of this grant that said road shall be graded, constructed and operated by the party of the second part only until such time as the same can and shall be made either a district, county, state or national road, and be thrown open for the use of the public generally without charge." We are unable to see how this could have affected the interest of the defendants adversely, because they were freely permitted to show to the jury their object in organizing the corporation; that they were actuated by altruistic motives, and always intended, if they built the road, to seek to have it taken over by the public authorities. The admission of the deed would have added nothing to their claims, which were not denied, and in no way illuminated the sole and vital issue of fact which was involved—that is, whether or not they had entered into the contract with the plaintiff which he claimed.

(d) Under the same assignment (somewhat illogically) they claim that certain remarks of the trial judge were prejudicial to the defendants. A careful study of the record and of all that the judge said at various times during the trial shows that he was exceedingly careful, and made it perfectly plain to the jury that the vital issue, and substantially the only question in the case, was whether or not these defendants made the contract with the plaintiff under which he claimed. The trial court may have been too liberal in the admission of evidence, but this liberality was extended to both sides and was merely intended to give the jury all of the attending circumstances, in order that they might intelligently determine the sole issue of fact which was involved.

[6] 3. The third assignment of error relates to instruction No. 2 given for the plaintiff. That instruction reads:

"The court tells the jury that one can recover on a verbal contract for the performance of services if it is capable of being performed within a year; and further tells the jury that if they believe from the preponderance of the evidence, as above defined, that the defendants or any of them entered into a contract with the plaintiff to supervise the construction of a proposed road in Wise county at a salary of $350 per month and agreed to pay him such salary; and if they so believe that the plaintiff held himself ready, willing and able to supervise and superintend the construction of such road, and that he incurred expense in connection with returning to and from the place of such work to meet defendants' requirements, other than his usual living expenses; and if they further believe that the work could have been performed within a year; then they will find for the plaintiff and assess s his damage at the rate of $350 per month for the number of months not in excess of ten which they believe would reasonably have been required to perform the said service, and a sufficient sum in addition thereto to reimburse the plaintiff for the expense, in connection with his said contract, while waiting for the defendants to put him at work."

The objection specified in the assignment is that it tells the jury that they must find for the plaintiff $350 per month not to exceed ten months, and does not allow any deduction for what he did earn during the time, or what he might have earned by the use of reasonable diligence in other employment.

When all of this instruction as well as the other instructions given in the case are considered, this assignment cannot be supported. The plaintiff was suing for the specific amount of $350 per month and his expenses, and there was no evidence indicating that

it would have been proper, if entitled to recover at all, to fix his damages at any smaller amount. The plaintiff had only sued for ten months' salary, and hence his recovery was limited to that period, and there was no reason for suggesting any deduction therefrom, because there is no evidence that he had any such other earnings, nor any indicating that there was any lack of reasonable diligence on his part to seek other employment. For this reason it is immaterial in this case, but it may be questioned whether, under the facts here shown, it would have been proper to deduct other earnings, if there had been any, because there was nothing in the contract set up which prevented the plaintiff from taking other contracts for his own profit unless in so doing he had neglected the work which he claimed the defendants had employed him to do. He was not under contract to give the defendants his entire time. However this may be, as we have indicated, it is immaterial in this case, as there is no evidence of any other earnings or any lack of diligence on the part of the plaintiff. Under his construction of this contract, it was his duty to hold himself in readiness to do this particular work, which would certainly have been his chief occupation during the period of construction.

[7, 8] 4. The refusal of the court to give instructions Nos. 7, 8 and 9, offered by the defendants, is assigned as error.

The reason this assignment cannot be sustained is because the court had already given six instructions for the defendants, which clearly, fully and sufficiently directed the attention of the jury to every phase of the evidence relied upon by the defendants. Instructions 7 and 9 were clearly improper because they directed a verdict for the defendants upon a partial view of the

evidence, and instruction 8 may have invaded the province of the jury, and even if this is not so, the same point had been sufficiently covered by the instructions which had already been given.

Upon the whole case, we are of opinion that the judgment should be affirmed.

*Affirmed.*